UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE McNEIL, o/b/o
C.A.R., JR.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CIVIL ACTION NO. 13-12467
DISTRICT JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record supporting the Commissioner's determination denying childhood disability benefits.

**II.  REPORT**

### A. Background and Procedural History

Claimant is a minor male child who is now eleven years old. His mother, Nicole McNeil, filed an application for Social Security Supplemental Security Income (SSI)

childhood disability benefits on his behalf on April 29, 2010, alleging incapacity due to attention deficit hyperactivity disorder (ADHD) and right leg weakness. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on July 7, 2011, before Administrative Law Judge John Dodson. Claimant and his mother appeared and testified. In a decision dated September 23, 2011, Judge Dodson determined that the claimant was not entitled to childhood SSI benefits because his leg weakness and mental deficiencies were not severe enough to meet or medically equal any of those found in the Listing of Impairments. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of childhood SSI benefits was supported by substantial evidence on the record.

     Claimant's mother testified that C.A.R. lived with her and five other siblings (TR 67). She explained that C.A.R. was disabled as a result of a combination of physical and mental problems. He suffered from right leg weakness that caused him to drag his right foot (TR 68). Despite physical therapy and the frequent use of a right leg brace, he often fell when he attempted to run due to poor balance (TR 69).

     Ms. McNeil explained that C.A.R. took medications for ADHD, but that he often fell asleep while in school (TR 70). He continued to have trouble sleeping at night, and would often not fall asleep until one or two in the morning (TR 71). The medications also

interfered with her son's ability to pay attention or focus on assigned tasks(TR 70). The mother testified that C.A.R. struggled to sit still, did not listen, and had trouble concentrating on school work (TR 70). Ms. McNeil added that her son suffers with mood swings. He reportedly was sensitive, cried all of the time, was depressed, and did not have many friend (TR 72). The mother reported that he had a severe problem controlling his anger, and often acted aggressively and violently towards peers and his siblings (TR 73). She acknowledged, however, that his conduct had gotten a little better since he was placed on ADHD medication (TR 73, 76).

C.A.R., age 8 at the time of the hearing, acknowledged that he did not have many friends, but claimed that he was bullied by children at school (TR 75). Plaintiff admitted that he often felt very angry with his siblings, and that he had difficulty controlling his anger and aggression towards them. (TR 78). He stated that he experienced auditory hallucinations, and that he hears the devil telling him to kill people and voices telling him he is going to get his way. (TR 75). Despite these problems, he enjoyed watching television and playing video and computer games (TR 79).

### B. Eligibility for SSI Childhood Disability Benefits

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382(a)(3)(C)(I). To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

    1. A child will be found "not disabled" if he engages in substantial gainful activity.

    2. A child will be found "not disabled" if he does not have a severe impairment or combination of impairments.

    3. A child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2006).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

    1. Acquiring and using information;

    2. Attending and completing tasks;

    3. Interacting and relating with others;

    4. Moving about and manipulating objects;

    5. Caring for yourself; and

    6. Heath and physical-being.

20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[1] the impairment functionally equals the listing and the child will be found disabled. 20 C.F.R. 416.926a(d).

### C.  ALJ's Decision

After finding that the claimant had never performed substantial gainful activity, the ALJ determined that he was indeed impaired as a result of attention deficit hyperactivity[2]. This condition, however, was not found to be severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairment did not "functionally equal" the Listing because the medical problems stemming from the ADHD disorder had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development capacities (TR 52-59).

### D.  Standard of Review

---

[1] A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

[2] Contrary to Plaintiff's assertion, the ALJ correctly found that C.A.R.'s right leg problem was not a severe impairment. The ALJ evaluated all of his alleged impairments, including his right leg issues (TR 50-51). While claimant had a history of gait disturbance caused by right foot equinus and flat foot deformity (TR 244), treatment reports did not indicate any functional limitations in his ability to move about as long as he utilized a right leg brace (TR 267). Physical therapy notes indicated significant improvement in claimant's right-side weakness (TR 265). Moreover, electrodiagnostic testing was found to be normal, and C.A.R. reportedly had full strength without any sensory deficits (TR 249, 268). Indeed, two teachers at C.A.R.'s elementary school reported no limitation in his ability to move about (Tr 149, 157). When a claimant fails to meet the burden of proving that his or her impairment did, in fact, cause disabling functional limitations, the application is properly denied. *King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990).

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action. Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

**E.  Discussion and Analysis**

Plaintiff asserts that the Law Judge incorrectly found that C.A.R. did not meet or medically equal a listed impairment. The ALJ's finding that he had less than marked limitations in four of the six areas of functioning was challenged. I am satisfied that substantial evidence exists on the record[3] supporting the Law Judge's decision denying childhood disability benefits.

Section 112.11 of the Listing of Impairments describes disabling conditions caused by ADHD, and requires a showing of documented findings of marked inattention, marked impulsiveness, and marked hyperactivity. It also mandates two of the following: marked impairment of age-appropriate cognitive/communicative function; marked impairment in age-appropriate social functioning; marked impairment in age-appropriate personal functioning; and marked difficulties in maintaining concentration, persistence, or pace. 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 112.02(B)(2), 112.11. I suggest that the ALJ properly found that C.A.R.'s ADHD did not meet Listing 112.11 because he did not have any marked functional limitations (TR 50, 55-57).

The medical evidence also demonstrated that claimant's attention deficit disorder did not "functionally equal" the Listing because the medical problems stemming from the

---

[3] In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 8-39) was not considered by the undersigned.

disorder had not resulted in any disabling functional limitations affecting his motor, communicative, social or personal development abilities.

A claimant is found disabled if he has one extreme limitation or two marked limitations in any of the six domains discussed above. Plaintiff does not challenge the ALJ's finding that he did not have either an extreme or marked limitation in acquiring and using information (domain #1) or caring for himself (domain #5). Claimant does maintain that the ALJ erred in failing to find that he had an extreme limitation in attending to and completing tasks (domain #2). Plaintiff also asserted that he had marked impairments in the domains of interacting and relating with others (domain #3), and moving about and manipulating objects (domain #4). The combination of his right leg weakness and ADHD, argued Plaintiff, markedly affected his overall health and physical well-being (domain #6).(See Plaintiff's Motion for Summary Judgment at pp xxiii-xv).

With regard to attending and completing tasks, the second domain, C.A.R. testified that he enjoyed playing video games and watching television (TR 54). He also stated that he would play multiple video games at the same time if it were possible, and his mother indicated that he played video games for one to nine hours a day and watched television two hours a day (TR 54, 141). Moreover, C.A.R.'s first grade teacher reported only slight to obvious problems in the area of attending and completing tasks. The teacher reported that he was very bright, and could be successful academically with proper medication and support (TR 146). His second grade teacher indicated that the claimant did not seem to have

problems in any area of functioning. Indeed, Plaintiff was on the honor roll, and performed at a rate that was above the expectations of the second grade curriculum (TR 154). I therefore conclude that substantial evidence exists on the record that the claimant did not have an extreme or marked limitation in his ability to attend and complete tasks.

The ALJ also found a less-than-marked limitation in Plaintiff's ability to interact and relate with others (domain #3). In support of this conclusion, the ALJ relied on the report from the consultative examining psychologist, Dr. Bray, who opined that C.A.R. enjoyed social and behavioral improvements with medication (TR 240). Both of his elementary school teachers observed only slight problems in interacting and relating with others (TR 148, 240). The state reviewing psychologist also found a less than marked limitation in this domain (Tr. 92).

The ALJ found no limitation in Plaintiff's ability to move about and manipulate objects (domain #4). The finding was based on the fact that there was no evidence of record indicating that C.A.R. had limitations in locomotion or handling. While the claimant had a history of gait disturbance caused by right foot equinus and flat foot deformity (TR 244), treatment reports did not indicate functional limitations in his ability to move about as long as he utilized a right leg brace (TR 267). Significantly, the first and second grade teachers reported that no limitation in this domain (Tr 149, 157).

Finally, regarding Plaintiff's overall health and physical well being (domain #6), the ALJ correctly noted that C.A.R. was in good health physically and mentally, as long as he

wore his leg brace and took his ADHD medications as directed (TR 59). Physical therapy significantly improved his right-side weakness, and electrodiagnostic testing was normal (TR 59, 265, 268). He had full strength and no sensory deficits (TR 249). The state reviewing psychologist's opinion did not support a marked limitation (TR 92-93).

### F. Conclusions

Substantial evidence supports the ALJ's findings regarding the above six domains, and Plaintiff points to no evidence to significantly challenge these findings. Since C.A.R. did not have one "extreme" or two "marked" limitations, his impairments did not functionally equal a listing.

In sum, I suggest that the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932

F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder
CHARLES E. BINDER
Dated: June 16, 2014          United States Magistrate Judge

11